Stanley R. WAXMAN and wife, Jean Waxman, and Michael L. Waxman, Plaintiffs–Appellants,

v.

Donald E. LUNA; LHC & Associates, Incorporated, Defendants,

and

Hardaway Construction Company, Inc., Employee Benefit Plan; Charles Hardaway; Hardaway Construction Co., Inc.; L. Hall Hardaway, Sr.; L. Hall Hardaway, Jr.; American Group Administrators, Inc.; and Lafayette Life Insurance Co., Defendants–Appellees.

Nos. 88–5407, 88–5548.

United States Court of Appeals, Sixth Circuit.

Submitted June 12, 1989.

Decided July 27, 1989.

Stanley R. Waxman, Memphis, Tenn., pro se.

Jean Waxman, pro se.

Michael L. Waxman, pro se.

Thomas M. Pinckney, Jr., Douglas Fisher, Howell, Fisher & Branham, Nashville, Tenn., for Hardaway Const. Co., Inc., Charles Hardaway, Donald Luna, L. Hall Hardaway, Sr., and L. Hall Hardaway, Jr.

Hertz & Schram, Bloomfield Hills, Mich., for Corporation.

T. Patrick Freydi, Freydi & Associates, Birmingham, Mich., for Rick Kay, Robert Fox, Charles Forbes, Olympia Stadium Corp., Prophet Productions, Ltd., Michael Tinik, Vincent Bannon and Building Group.

Tova Shaban, Alan M. Gershel, Alan C. Harnisch, Seyburn, Kahn, Ginn, Bess & Howard, Southfield, Mich., for Robert Cavalieri, and Michael Illitch.

Charles A. Moore, William M. Wolfson, Alan M. Gershel, Detroit, Mich., for City of Detroit and Olympia Arenas, Inc.

Before KENNEDY, GUY, and NORRIS, Circuit Judges.

PER CURIAM.

Plaintiffs filed this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* Plaintiffs are seeking to recover medical and hospital expenses that they claim are due them because of their participation in the Hardaway Construction Company, Inc., Employee Benefit Plan (Hardaway Plan). Subsequent to a trial, the district court entered findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure, and determined that the court lacked subject matter jurisdiction to hear this action because plaintiff Stanley Waxman did not have standing to sue under ERISA since he was never defendants' employee. Plaintiffs appeal and, upon review, we affirm the district court's dismissal of this action for lack of subject matter jurisdiction.

I.

The underlying facts in this case are generally uncontested, and therefore our recitation of the facts is as the district court found them. *See Waxman v. Hardaway Constr. Co.*, 693 F.Supp. 587 (M.D. Tenn.1988). Plaintiff Stanley Waxman is a financial consultant with an extensive business background. At one time, while serving as a vice-president of industrial relations for a corporation unrelated to this action, he was responsible for negotiating insurance contracts with insurers and reinsurers. Defendant Hall Hardaway, Jr., was and is vice-chairman of Hardaway Construction Company. He is active in 150 partnerships and ten corporations, and is one of the trustees of the Hardaway Plan. Defendant Charles Hardaway was the Hardaway Plan's coordinator. Defendant Donald Luna was a mortgage broker in the business of procuring loans.

Waxman did loan brokering work for Luna on an independent contractor basis. In early 1982, Hall Hardaway, Jr., agreed to allow Luna and some of his business associates to use office space owned by Hardaway Construction Company. At that time, Luna was attempting to secure financing for construction projects in which Hardaway was involved. Luna was paid a fee or a percentage from loans that he procured for Hardaway. Neither Luna nor Waxman was ever on the regular payroll of any Hardaway entity.

In the early summer of 1982, Luna asked Hall Hardaway, Jr., if Luna and one or two of his associates could participate in the Hardaway Plan, which provided hospitalization and medical coverage to participants. Luna agreed to pay the premiums for himself and his associates and, as a result, Hall Hardaway, Jr., permitted them to join. Waxman was subsequently enrolled and was given a booklet outlining benefits and an enrollment card. Waxman testified at trial that he viewed his participation in the Hardaway Plan as a gift or perk, and that he was not interested in who specifically made the gift. Waxman additionally enrolled his wife and his dependent son, Michael.

For the five months of June through October 1982, the Hardaway Plan paid claims submitted by Waxman. However, Waxman's premiums were not paid for this time period. Charles Hardaway, who was the Hardaway Plan's coordinator, relied on Luna to pay the premiums, and sent Luna notices that payments were delinquent. Waxman denied receiving these notices from Luna, but did acknowledge that he knew his payments were overdue.

On October 31, 1982, Charles Hardaway terminated Waxman from the plan for delinquent payments. Charles Hardaway did not immediately notify Waxman that his coverage was terminated, but, beginning in January of 1983, Waxman received four notices that he no longer had coverage under the Hardaway Plan. Waxman testified that he never received two of the notices that were mailed to his home address. He stated that he did not accord much

significance to the notices that he did receive because both Luna and Hall Hardaway, Jr., were simultaneously telling him that the problems were being worked out.

In February of 1983, Luna's corporation, LHC & Associates, became entitled to a fee from a Hardaway development corporation. Charles Hardaway determined that Luna and his associates owed the Hardaway Plan the sum of $3,260.60, which included Waxman's unpaid premiums from June through October 1982. Hardaway deducted this sum prior to paying the balance to Luna. This was the only instance in which payments were made to the Hardaway Plan on Waxman's behalf.

In June of 1984, Luna called Hall Hardaway, Jr., and asked if Hardaway could help get Michael Waxman admitted into a Memphis hospital. Luna said that he would take care of the payments. Hall Hardaway, Jr., said that he did not think that Waxman had any coverage under the Hardaway Plan, but would check to see. Luna later talked to Charles Hardaway and told Hardaway to send the bills for Michael Waxman's hospitalization to Luna. When a representative from the Memphis hospital called Charles Hardaway to verify coverage, Hardaway told the representative to send the bills to him. Hardaway forwarded the bills to Luna, but Luna did not pay them.

Waxman subsequently filed this suit seeking, *inter alia*, over $20,000 related to his son's hospitalization in June of 1984. Waxman asserts that this hospitalization was for the purpose of removal and replacement of defective shunts relating to the treatment of Michael's longstanding problems of a brain tumor and hydrocephalus. Waxman filed suit against Hardaway Construction Company, Inc., Employee Benefit Plan; Charles Hardaway; Harda-

way Construction Company, Inc.; L. Hall Hardaway, Sr.; L. Hall Hardaway, Jr.; American Group Administrators, Inc. (collectively referred to as the Hardaway defendants); Lafayette Life Insurance Company; Donald E. Luna; and LHC & Associates. Defendants Donald Luna and LHC & Associates did not answer the complaint and did not appear at trial. Prior to trial, the district court severed all issues related to defendant Lafayette Life Insurance Company and all issues related to the amount of liability, if any. The Hardaway defendants claimed at trial that Waxman lacked standing to bring an ERISA action because Waxman was never an employee of the Hardaway defendants and, therefore, plaintiffs were never ERISA participants or beneficiaries. The Hardaway defendants also claimed that Waxman lacked standing because he was terminated from the Hardaway Plan for non-payment of premiums prior to June of 1984, when Michael's medical expenses were incurred. The district court agreed that plaintiffs were never ERISA participants or beneficiaries, and consequently lacked standing to bring an ERISA action. The district court issued findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure, and dismissed plaintiffs' claims for lack of subject matter jurisdiction. The district court subsequently certified its decision regarding the Hardaway defendants as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and this appeal followed.[1]

## II.

Plaintiffs assert numerous claims on appeal in their *pro se* brief, but the only issue before us is whether the district court erred in dismissing this action for lack of

1. The district court dismissed the Lafayette Life Insurance Company (Lafayette) as a defendant in an order dated April 5, 1988. The court noted that the parties had agreed that Lafayette had no liability if the Hardaway defendants had no liability, and all claims against the Hardaway defendants had been dismissed. The court

also entered this order of dismissal as to Lafayette as a final judgment on April 5, 1988. Plaintiffs are appealing the district court's dismissal of Lafayette and the Hardaway defendants, although plaintiffs assert no claims unique to Lafayette. Lafayette has filed a brief in this

subject matter jurisdiction.[2] In *Taylor and Gaskin, Inc. v. Chris–Craft Industries*, 732 F.2d 1273 (6th Cir.1984), we set forth the applicable standards of review of a trial court's findings. We explained that factual findings must be upheld unless clearly erroneous; however, we review *de novo* "findings of ultimate facts which result from the application of legal principles to subsidiary factual determinations." *Id.* at 1277 (citation omitted). Conclusions of law are also subject to *de novo* review. Therefore, whenever the trial court arrives at its conclusion by application of statutory law to the facts, such holding becomes a conclusion of law reviewable under the *de novo* standard. *Id.* In the case before us, the district court has applied ERISA statutory law to the facts of the case, and, therefore, we will undertake a *de novo* review of the district court's conclusions of law.

The sole jurisdictional basis asserted for this action is ERISA, 29 U.S.C. § 1001, *et seq.* Section 502(a) of ERISA sets forth the persons empowered to bring a civil action for enforcement of ERISA. This subsection states:

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title. . . .

29 U.S.C. § 1132(a). Therefore, plaintiffs must be either participants or beneficiaries to bring this civil action. Section 1002 defines the terms relevant to ERISA actions and states in part:

(7) The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

(8) The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C.A. § 1002 (West Supp.1989). In accordance with this section, plaintiff Stanley Waxman must be an employee or former employee of the Hardaway defendants to then be termed a "participant." Section 1002 also defines an "employee" and an "employer," although these definitions are less than comprehensive:

(5) The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

(6) The term "employee" means any individual employed by an employer.

29 U.S.C.A. § 1002(5), (6) (West Supp.1989).

Waxman does not argue that he was an "employee." In the joint stipulation of facts submitted by the parties to the district court, Waxman agreed that he was "never an employee of any of the Hardaway defendants," and that he was an "inde-

---

appeal in which Lafayette states that it adopts the Hardaway defendants' brief in its entirety.

**2.** Plaintiffs were represented by counsel prior to this appeal, but have filed their briefs on appeal *pro se.*

pendent contractor" to Donald Luna and LHC & Associates, Inc. Waxman instead argues that the Hardaway Plan is an "Employee Welfare Benefit Plan" within the meaning of ERISA and is subject to the provisions of ERISA; therefore, the federal court has jurisdiction to hear this dispute.

■ Although the parties have agreed that the Hardaway Plan is an ERISA plan, the question remains as to whether one who is not an employee has standing to sue under ERISA. No agreement or action of the parties can establish the jurisdiction of the federal court if subject matter jurisdiction does not otherwise exist. "It is well established that parties cannot somehow waive jurisdictional objections, nor can they consent to the jurisdiction of a court when that court lacks jurisdiction over the subject matter of their dispute." *In re Rini,* 782 F.2d 603, 608 (6th Cir.1986); *see also Insurance Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982).

■ In resolving the issue of whether a plaintiff is an employee within the terms of ERISA, courts have turned to two sources. The first source involves common law rules of agency in determining whether an individual is an employee or an independent contractor. *See Holt v. Winpisinger,* 811 F.2d 1532, 1538 n. 44 (D.C.Cir.1987); *Short v. Central States, Southeast and Southwest Areas Pension Fund,* 729 F.2d 567, 572–73 (8th Cir.1984); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820, 824–25 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). This test involves an analysis of all factors relevant to the employment relationship, including the intent of the parties, and the right of one party to control the other party's means and manner of performance. *See Holt,* 811 F.2d at 1538–40; *see also* RESTATEMENT (SECOND) OF AGENCY § 220 (1957). In the case before us, the district court concluded that the Hardaway defendants exercised no control over Waxman's activities, and that the parties regarded Waxman as, at most, an independent contractor.

Other courts have rejected a common-law analysis of "employee" under the terms of ERISA and have, instead, turned to a second source for defining "employee." This source looks to congressional purpose in enacting ERISA and asks whether the purported plaintiff is within the class that Congress sought to protect with ERISA legislation. *See Darden v. Nationwide Mutual Ins. Co.,* 796 F.2d 701, 706 (4th Cir.1986); *Wolcott v. Nationwide Mutual Ins. Co.,* 664 F.Supp. 1533, 1536–37 (S.D.Ohio 1987). In *Darden,* the court was determining whether the plaintiff had standing to bring an ERISA action for pension benefits. The court stated that the focus of congressional concern in enacting ERISA was financial hardship resulting from a forfeiture of accrued benefits during retirement. *Darden,* 796 F.2d at 706; *see also* 29 U.S.C. § 1001. One of the factors that the *Darden* court found dispositive was an employee's reliance on an expectation of future benefits as evidenced by remaining in the employer's service for a significant amount of time, and foregoing other means of providing retirement. In the case before us, the district court applied the *Darden* factors to health insurance and found that Waxman's relationship with the Hardaway defendants was sporadic and arose in relation to financing for specific ventures. We additionally note that Waxman regarded his participation in the Hardaway Plan as a "gift" or "perk" and not as an earned benefit. Waxman drew no salary or commission from the Hardaway defendants, and therefore could have no reasonable expectation in continuing in the Hardaway Plan.[3] Moreover, because Waxman agrees that he was not an employee of the Hardaway defendants, he admittedly does not meet the definition of a "participant," and is not one of the persons delineated by

---

3. Evidence was developed at trial that Hall Hardaway, Jr., wrote a check payable to Waxman for $40,000 in March 1983. The district court found that this check was written upon Luna's request and represented an advance of money that was to be due to Luna.

section 1132(a) as empowered to bring a civil action for enforcement of ERISA.

In conclusion, under either one of the tests set out above, Waxman is not an employee within the terms of ERISA, and, consequently, plaintiffs lack standing to bring this action under ERISA. We therefore AFFIRM the district court's dismissal of this action for lack of subject matter jurisdiction.