944 F.2d 906
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
layton WILLIAMS, Plaintiff-Appellant,
v.
K.A. MISHRA, Doctor, Individually and in his official
capacity as Doctor for the Department of Corrections, Bruce
Cummings, Individually and in his official capacity as Camp
Supervisor for the Department of Corrections, Miller, Lt.,
Individually and in his official capacity as a Lt. for the
Department of Corrections, Achtabowski, Guard, Individually
and in his official capacity as a Prison Guard, Defendants-Appellees.
 No. 91-1389.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1991.
 
 1
 Before MERRITT, Chief Judge, RALPH B. GUY, Jr., Circuit Judge, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 Clayton Williams, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Williams sued several Michigan correctional personnel and a medical doctor in their individual and official capacities. Williams alleged that the defendants violated his eighth amendment rights by denying him adequate medical care and subsequently providing inadequate medical care.
 
 
 4
 The district court determined that the defendants were acting in their official capacity at the time of the alleged incidents and, therefore, the eleventh amendment barred Williams's suit. Consequently, the district court sua sponte dismissed Williams's claims for lack of subject matter jurisdiction. Williams has filed a timely appeal. In his brief, he requests the appointment of counsel.
 
 
 5
 A district court's determination that it lacks subject matter jurisdiction over a case is subject to de novo review. Waxman v. Luna, 881 F.2d 237, 240 (6th Cir.1989) (per curiam).
 
 
 6
 Upon review, we determine that the district court improperly dismissed the case. It is clear from the record that the defendants were not carrying out state policy at the time of the alleged incidents. Therefore, they were not acting within their official capacity and the eleventh amendment does not bar Williams's suit. Ritchie v. Wickstrom, 938 F.2d 689, 692 (6th Cir.1991).
 
 
 7
 Accordingly, we deny Williams's request for counsel, vacate the district court's judgment, and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation