**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Glen S. MARTIN, Jr., d/b/a Big
Burly Tobacco Warehouse,
Defendant–Appellee.**

No. 95–5701.

United States Court of Appeals,
Sixth Circuit.

Argued and Submitted July 30, 1996.

Decided Sept. 5, 1996.

Michael E. Robinson (argued and briefed), U.S. Department of Justice, Civil Division, Douglas N. Letter, Department of Justice, Appellate Staff, Civil Division, Washington, DC, Helen C. Smith, United States Attorney's Office, Greenville, TN, for Plaintiff–Appellant.

E. Lynn Dougherty (briefed), Hudson & Dougherty, Bristol, TN, for Defendant–Appellee.

Before: RYAN and SUHRHEINRICH, Circuit Judges; ENSLEN [*], Chief District Judge.

SUHRHEINRICH, Circuit Judge.

The government appeals from the district court's sua sponte dismissal on double jeopardy grounds of the government's claim for civil penalties against defendant Glenn S. Martin for marketing excess-tobacco under 15 U.S.C. § 714b, 7 U.S.C. § 1376, and 28 U.S.C. § 1345. We **REVERSE** and **REMAND.**

---

[*] The Honorable Richard A. Enslen, Chief United States District Judge for the Western District of Michigan, sitting by designation.

**1.** The transactions underlying the government's penalty claim occurred between November 24,

## I.

The production and market supply of tobacco in the United States is regulated by a self-sustaining price support system that assigns market quotas for each tobacco producer. Agricultural Adjustment Act of 1938, 7 U.S.C. §§ 1281–1407; 7 C.F.R. Part 723 (1996).[1] Dealers and warehousers are required to segregate tobacco received from different producers. 7 C.F.R § 726.85 (1987) Tobacco from one producer that is commingled with tobacco from another producer is considered "falsely identified," 7 C.F.R. § 726.51(k) (1987), and if sold as the tobacco of another producer constitutes the "marketing of excess tobacco." To maintain the viability of the price support system, excess tobacco is subject to an over-quota marketing penalty of 75% of the tobacco's average fair market value for the prior year. 7 C.F.R. § 726.88(f) (1987) A person, dealer, or warehouser, who acquires over-quota tobacco from a producer must remit the penalty to the government, but may deduct the amount of the penalty from the price paid to the producer. 7 U.S.C. § 1314(a).

Martin operated tobacco warehouses in several states and sold stolen and illegally acquired over-quota tobacco using fraudulently obtained marketing cards. This defrauded the government of the penalty imposed on tobacco marketed in excess of the producing farm's quota. Pursuant to a plea bargain, Martin pleaded guilty to several counts of fraud and conspiracy arising out of his conduct in Georgia, North Carolina, Tennessee, and Virginia (the "four states"). Before Martin entered his plea to these charges, the government assessed Martin an excess tobacco marketing penalty of $1,791,-727.27 for commingling and false identification of 1,531,391 pounds of tobacco produced in Kentucky and marketed in Tennessee between November 1986 and January 1987. The government sued to collect the penalty. Both parties moved for summary judgment.

1986, and January 14, 1987. The applicable regulations appear in the 1987 edition of the CFR. These regulations were amended and renumbered in 1990, and now appear at 7 C.F.R. Part 723 (1996).

Without deciding the cross motions for summary judgment, the district court, noting that Martin's criminal conviction and the claim for the marketing penalty had the same factual basis, sua sponte ordered the parties to address the application of *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) to the case *sub judice*. Concluding that *Kurth Ranch* applied, the court then dismissed the government's claim, holding that prosecution for the civil penalty would violate the Double Jeopardy Clause because both it and Martin's criminal conviction related to the same conduct.

## II.

◼ The government argues that double jeopardy does not apply because the civil over-quota marketing penalty was not punitive, and because the marketing penalty and the fraud and conspiracy claims are different substantive offenses and predicated on different misconduct. This court reviews a district court's conclusions of law de novo and its findings of fact for clear error. *Waxman v. Luna*, 881 F.2d 237, 240 (6th Cir.1989).

◼ The Double Jeopardy Clause forbids successive punishments for a single offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The labels applied to governmental action against a defendant, such as "civil," "criminal," "tax," and "penalty," are not determinative. *Halper*, 490 U.S. at 447, 109 S.Ct. at 1901; *Kurth Ranch*, 511 U.S. at ——, 114 S.Ct. at 1946. For purposes of double jeopardy, a tax or penalty is punishment if it has a punitive, retributive, or deterrent purpose, or is excessively disproportional to the government's cost of recovering a loss. *Halper*, 490 U.S. at 448, 109 S.Ct. at 1901–02. *See Kurth Ranch*, 511 U.S. at ——, 114 S.Ct. at 1947 (holding that "tax" equal to eight times the market value of drugs in a prior possession conviction was punitive); *Halper*, 490 U.S. 435, 109 S.Ct. 1892 (holding that civil penalty 220 times greater than government's loss was punitive); *United States v. Alt*, 83 F.3d 779 (6th Cir. 1996) (finding that civil fraud penalties that do not remotely approximate amount of loss to government constitute punishment).

◼ The purpose of the over-quota marketing penalty is to protect the price support system from over-quota tobacco sales and, at 75% of the market price of tobacco of the previous year, it is reasonably proportional to the effect of the sale of over-quota tobacco on the price support system. Therefore, the over-quota marketing penalty is not punishment for purposes of the Double Jeopardy Clause.

◼ Secondly, the Double Jeopardy Clause does not apply because Martin was not put in jeopardy for the same offense. Under the "same elements" test of *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) two offenses are different for purposes of double jeopardy analysis if each requires an element that the other does not. *See United States v. Dixon*, 509 U.S. 688, 696–97, 113 S.Ct. 2849, 2855–57, 125 L.Ed.2d 556 (1993); *United States v. Felix*, 503 U.S. 378, 388, 112 S.Ct. 1377, 1383–84, 118 L.Ed.2d 25 (1992). In the criminal proceeding Martin was convicted of fraud and conspiracy. In the civil action Martin was sued for an over-quota marketing penalty. Fraud, conspiracy, and the over-quota marketing penalty claim each require an element unique to that claim. Fraud requires a misrepresentation; conspiracy requires an agreement to commit a crime; and the over-quota marketing penalty requires the failure to remit the penalty to government. Accordingly, these are elementally different offenses under *Blockburger*, *Dixon*, and *Felix*.

◼ Finally, double jeopardy is not violated because the over-quota marketing claim and the fraud and conspiracy convictions relate to different misconduct. Martin's fraud and conspiracy convictions involved marketing excess tobacco from the four states; whereas, the over-quota marketing claim involved tobacco from Kentucky. Even reference to Martin's failure to remit the over-quota marketing penalty in the presentence report for his fraud and conspiracy convictions does not implicate double jeopardy under *Witte v. United States*, —— U.S. ——,

——, 115 S.Ct. 2199, 2209, 132 L.Ed.2d 351 (1995). Thus, double jeopardy does not bar the claim for the over-quota marketing penalty.

Martin raises several other issues dealing with the government's failure to raise its double jeopardy arguments below and the scope of his plea agreement on the fraud and conspiracy charges. We have considered these arguments and find them without merit.

### III.

Accordingly, we **REVERSE** the district court and **REMAND** for further proceedings consistent with this opinion.