RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0052p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNION SECURITY INSURANCE COMPANY,
                                        *Plaintiff,*

                v.

                                                            No. 09-4368

ANDREA BLAKELEY, THOMAS BLAKELEY,
and TRACY COCHRAN,
                        *Defendants-Appellants,*

SONDRA BILLET,

                        *Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 08-00120—Sharon L. Ovington, Magistrate Judge.

Decided and Filed: February 15, 2011

Before: MARTIN and STRANCH, Circuit Judges; THAPAR, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** Wilfred L. Potter, Springfield, Ohio, for Appellants. Patrick K. Dunphy, Dayton, Ohio, for Appellee.

_____

**OPINION**

_____

THAPAR, District Judge. In an unusual turn of events, ERISA makes this a simple case. To determine the proper beneficiary of Thomas Blakeley's life insurance policy, ERISA says to look first at the text of the policy. But the court below overlooked

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

a key piece of the policy's text and instead resorted to the common law to decide that Sondra Billet was the rightful beneficiary.  This was error.

I.

When he died in December 2007, Thomas Blakeley left behind three children, a cohabitant and purported fiancée named Sondra Billet, and a life insurance policy for which he neglected to select a beneficiary.  In the absence of a designated beneficiary, the policy says to distribute benefits in the following order:  First to the insured's spouse, then to his domestic partner, his children (or his domestic partner's children), his living parents, or his estate.  Blakeley was unmarried, and the parties disagree whether Sondra Billet qualifies as a domestic partner.  Union Security Insurance Company filed an interpleader action to identify the correct beneficiary.

The magistrate judge observed that the life insurance policy qualified as an ERISA plan, *Union Sec. Ins. Co. v. Blakeley*, No. 3:08-120 (S.D. Ohio Oct. 6, 2009), R. 29 at 8-9; *see also* 29 U.S.C. § 1002(1), and looked for a definition of "domestic partner" in the plan's "general definition" section first.  Finding none there, she turned immediately to the federal common law, *id.* at 10-11, for which Ohio law was one source, *id.* at 11.  There she found a definition in Ohio's Code of Judicial Conduct and largely adopted it:  "The phrase 'domestic partner' . . . is defined as a person with whom another person maintains a household and an intimate relationship, other than a person to whom he or she is legally married, and whose relationship shares other indicia of being more than mere companions or friends." *Id.* at 11-12.  With this definition, the Magistrate Judge held that the relationship between Blakeley and Billet qualified. *Id.* at 14.  The children now appeal.

We review the court's interpretation of the plan *de novo*. *Waxman v. Luna*, 881 F.2d 237, 240 (6th Cir. 1989) (following bench trial in ERISA case, court reviews factual findings for clear error and conclusions of law and application of law to facts *de novo* (citation omitted)); *see also Unicare Life and Health Ins. Co. v. Craig*, 157 F. App'x 787, 790 (6th Cir. 2005) (following bench trial in ERISA case, court reviews legal conclusions *de novo*).

II.

By abandoning the text of the plan because the general definition section did not include "domestic partner," the magistrate judge was too quick to look to the federal common law. *See* R. 29 at 10-11. While courts do sometimes resort to federal common law to identify beneficiaries under ERISA plans, the text of the plan is the much preferred source. As this Court has explained, ERISA, rather than the federal common law, "supplies the rule of law." *Metro. Life Ins. Co. v. Pressley*, 82 F.3d 126, 129-30 (6th Cir. 1996); *see also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 259 (1993) ("The authority of courts to develop a federal common law under ERISA . . . is not the authority to revise the text of the statute.") (internal citation and quotation marks omitted). And ERISA directs that the *plan documents* determine the beneficiaries, *Pressley*, 82 F.3d at 130 (citing 29 U.S.C. §1104(a)(1)(D)), and repeatedly underscores the primacy of the written plan. The statute says, for instance, that employee benefit plans should be captured in a "written instrument"; specifies that plan administrators are to "act in accordance with the documents and instruments governing the plan"; and authorizes participants or beneficiaries to "bring a cause of action to recover benefits due to [them] under the terms of [the] plan[.]" *Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 129 S. Ct. 865, 875 (2009) (internal quotation marks omitted) (citing 29 U.S.C. §§ 1102(a)(1), 1104(a)(1)(D), 1132(a)(1)(B)). Hence, if courts can identify a workable means of identifying beneficiaries in the plan document—whether it be in a general definition section or in the plan as a whole, *Mitzel v. Anthem Life Ins. Co.*, 351 F. App'x 74, 90 (6th Cir. 2009) ("Under federal common law, ERISA plans, like contracts, are to be construed as a whole.") (internal quotation marks omitted)—they "need look no further." *McMillan v. Parrott*, 913 F.2d 310, 312 (6th Cir. 1990); *see also Kennedy*, 129 S. Ct. at 874-77 (holding that adherence to the text of the plan is preferable to resort to variable federal common law).

Here, the text of Mr. Blakeley's life insurance plan, read as a whole, *does* define "domestic partner." While true that "domestic partner" is missing from the plan's general definition section, R. 29 at 10, the plan elsewhere lists criteria to help pinpoint

a true "domestic partner" whose life is also insurable under the plan.  R. 1, Attach. 1 at 37, 50.  They are:

(1)     You and your domestic partner have had a committed relationship of mutual caring which has existed for at least 6 months, or meet the requirements and have registered as domestic partners, if the controlling governmental authority provides for such registration;

(2)     You and your domestic partner are each age 18 or more and mentally competent to consent to contract;

(3)     Neither you nor your domestic partner are married to someone else, and your relationship is mutually exclusive;

(4)     You and your domestic partner are not related by blood any closer than would prohibit legal marriage;

(5)     You and your domestic partner are financially interdependent;

(6)     You and your domestic partner each have power of attorney for each other; *and*

(7)     At least 6 months have elapsed since similar coverage was terminated on a previously insured domestic partner, if any, unless the previous domestic partner has died.

These criteria offer the framework for deciding whether Sondra Billet qualifies as a true "domestic partner" and thus a rightful beneficiary under the plan document. Though not styled as a definition of the words "domestic partner," they nonetheless help distinguish a true partner from a friendly roommate or casual significant other.  And so this section ought to have been the last stop in the lower court's search for a way to decide whether Sondra Billet qualified.

Using these textual criteria, rather than the federal common law, it appears the lower court may have reached a different conclusion.  The list says a true domestic partner and the insured must each have power of attorney for the other.  Yet neither the court below nor the parties point to facts to indicate that Sondra Billet and Thomas Blakeley met this requirement.  The facts we do have—the facts to indicate that their relationship was a close one—are not enough.  We are unaware of any Ohio law to suggest that courts can simply infer a power of attorney on the basis of a couple's

intimacy.  In fact, just the opposite—Ohio law requires that a power of attorney be captured in a "written instrument," *LeMar v. Ickes*, No. 08-36, 2009 WL 2215091, at *2 (Ohio Ct. App. July 27, 2009), and apparently must be "executed," even among domestic partners and married couples.  *See In re Mullen*, 924 N.E.2d 448, 451 (Ohio. Ct. App. 2009) (suggesting that a domestic partner's power of attorney must be "executed"); *Gupta v. Lincoln Nat'l Life Ins. Co.*, No. 05-378, 2005 WL 3304019, at *1 (Ohio Ct. App. Dec. 6, 2005) (suggesting that a married couple's power of attorney must be "executed").

On remand, then, it must be determined whether Sondra Billet and Thomas Blakeley held a power of attorney for each other (and, if so, whether she qualifies under the other six criteria).  If not, the appellants prevail.

## III.

The judgment is **VACATED,** and this case is **REMANDED** for further proceedings.