**Manuel OLIVAREZ, Plaintiff,**

v.

**UTICA MUTUAL INSURANCE COMPANY, Defendant.**

Civ. A. No. CA 3–89–0112–G.

United States District Court,
N.D. Texas,
Dallas Division.

April 21, 1989.

Paul L. Smith and D. Lanty McCartney, Dallas, Tex., for plaintiff.

E. Thomas Bishop, E. Paul Cauley, Jr., Strasburger & Price, Dallas, Tex., for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

 This case is before the court on the motion to stay remand of defendant Utica

Mutual Insurance Company ("Utica"). Utica argues that 28 U.S.C. § 1445(c) should be construed to apply only to diversity actions. Section 1445(c) prohibits removal of *all* workers' compensation cases, however, whether or not they arise under the court's diversity jurisdiction. Had Congress intended to limit the application of § 1445(c) to diversity actions, it could have written the statute that way. The legislative history of § 1445(c) makes clear that the statute was not intended to be so limited. *See* S.Rep. No. 1830 in 1958 U.S.Code Cong. & Admin. News 3099, 3105, 3106 (congressional intent to stop the removal of worker's compensation cases which were increasing "the already overburdened docket of the Federal courts, the congestion in some of which is now most deplorable"); *Kay v. Home Indemnity Company*, 337 F.2d 898, 901 (5th Cir.1964) ("strong congressional policy" that workers' compensation cases are of such "a technical statutory form that they have little real business in a federal court"); *Baldracchi v. Pratt & Whitney Aircraft Division, United Technologies Corporation*, 814 F.2d 102, 106–07 (2d Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 2819, 100 L.Ed.2d 920 (1988) (congressional concern with application of federal procedural rules to workers' compensation cases).

■ Utica also argues that 29 U.S.C. § 1003(b)(3) does not apply to this case. As explained in the order of remand, all of plaintiff's claims relate to a worker's compensation policy, so that the case falls squarely within 29 U.S.C. § 1003(b)(3). Accordingly, ERISA is inapplicable by its own terms. The court adopts the very well-reasoned opinion of the Western District of Texas in *Foust v. City Insurance Company*, 704 F.Supp. 752, 753–54 (W.D.Tex. 1989). *See also Morrison v. Utica National Insurance Company of Texas*, No. CA 3–88–1447–T (N.D.Tex. Nov. 28, 1988), *mandamus denied*, No. 88–7029 (5th Cir. Jan. 17, 1989) (holding that ERISA does not apply to such cases). Because ERISA is inapplicable, this case must be remanded. 28 U.S.C. § 1447(c). Utica's motion to stay remand is therefore DENIED.

Utica's motion for certification under 28 U.S.C. § 1292(b) is also DENIED.

SO ORDERED.