ADAMS, Justice.
Tony Richardson appeals from a preliminary injunction prohibiting disbursement of workers’ compensation benefits awarded to him in a separate case. We reverse.
In April 1974, Mr. Richardson entered the employ of Tamko Asphalt Products, Inc. Tamko purchased workers’ compensation insurance from Liberty Mutual Insurance Company. In addition to that insurance, Tamko offered its employees a “package” of insurance benefits, including a long-term disability plan and a separate medical plan, both provided through La-hood & Associates, Inc. Lahood thus served as the administrator for health care claims and long-term disability benefits under its “employee benefit contract” with Tamko. Both plans offered by Lahood fall within the scope of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (1988) (“ERISA”).
Mr. Richardson paid 100% of the premiums on the disability plan. The disability plan provided that scheduled benefits would be reduced by “other income benefits,” which included Social Security benefits and workers' compensation payments. The plan expressly stated that it did not operate “in place of and [did] not affect any requirement of coverage by Workmen’s Compensation insurance.”
In December 1987, Mr. Richardson suffered a work-related back injury for which he underwent a lumbar laminectomy on January 15, 1988. Tamko denied Mr. Richardson’s claim for workers’ compensation benefits. However, pursuant to Lahood’s disability plan, Lahood began paying disability benefits and eventually paid Mr. Richardson $13,849.53.
On May 17, 1989, Mr. Richardson was awarded Social Security benefits, including a lump sum payment of $10,188 representing benefits retroactive to June 1988. La-hood demanded that Mr. Richardson apply the $10,188 as reimbursement for the amount it had previously paid him in disability benefits.
On December 7, 1989, Mr. Richardson prevailed in a separate action he had filed against Tamko for workers’ compensation benefits. The trial court awarded him accrued temporary total disability benefits, as well as accrued and future permanent par *1084 tial disability benefits based on a finding of 50% disability to the body as a whole. On December 28, 1989, Tamko terminated Mr. Richardson’s employment.
On January 2, 1990, before Mr. Richardson received any of the benefits awarded in his workers’ compensation action, Lahood filed an action in the Circuit Court of Tuscaloosa County seeking a judgment declaring that it was entitled to reimbursement from the workers’ compensation award of the $10,188 it had previously paid him in disability benefits. At the same time, La-hood sought and obtained a temporary restraining order preventing disbursement to Mr. Richardson of any of the workers’ compensation award. Mr. Richardson answered the complaint and filed counterclaims. Liberty Mutual subsequently paid into the circuit court the amount of the judgment in the workers’ compensation case.
On January 12, 1990, the Honorable Joseph Colquitt, Tuscaloosa County Circuit Court Judge, held a hearing on Lahood’s request for a preliminary injunction prohibiting the disbursement of any portion of Mr. Richardson’s workers’ compensation award pending a resolution of the case on the merits. The trial judge concluded that Ala.Code 1975, § 25 — 5—86(b), the anti-alienation section of the Alabama Workmen’s Compensation Act, had been preempted by ERISA. He also found that Lahood would suffer immediate and irreparable injury in the absence of a preliminary injunction barring disbursement of the workers’ compensation award. Consequently, on February 21, 1990, he issued the preliminary injunction. Mr. Richardson filed this interlocutory appeal of the order issuing the preliminary injunction. See Ala.R.App.P. 4(a).
All parties agree that Ala.Code 1975, § 25-5-86(b), the anti-alienation section of the Alabama Workmen’s Compensation Act, prohibits the injunction of the disbursement of the workers’ compensation award. Section 25-5-86(b) provides:
“Claims for compensation or awards, or judgments or agreements to pay compensation owned by an injured employee or his dependents shall not be assignable and shall be exempt from seizure or sale or garnishment for the payment of any debt or liability. There shall be no right to waive this exemption.”
Id. (emphasis added). Lahood contends that, notwithstanding this statute, it is entitled to be reimbursed from Mr. Richardson’s workers’ compensation award because ERISA preempts § 25-5-86(b). Indeed, the order of the circuit court rests upon the conclusion that ERISA bars the application of the statute. Therefore, we need examine only the preemptive effect of ERISA on § 25-5-86(b) to resolve the issue presented in this case.
The trial court’s conclusions of law regarding the preemptive effect of ERISA on our Workmen’s Compensation Act are not entitled to a presumption of correctness. See Donnelly v. Doak, 346 So.2d 414, 416 (Ala.1977). Thus, its injunction is freely reviewable. See Alabama Farm Bureau Mut. Casualty Ins. Co. v. Cain, 387 So.2d 195, 197 (Ala.1980); see also Moore v. McNider, 551 So.2d 1028, 1030 (Ala.1989) (ore tenus rule inapplicable where trial court erroneously applies the applicable law).
Regarding preemption, the United States Supreme Court has recently stated:
“Although the Supremacy Clause invalidates state laws that ‘interfere with, or are contrary to the laws of Congress ...,’ Gibbons v. Ogden, 9 Wheat. 1, 211, 6 L.Ed. 23 (1824), the ‘ “exercise of federal supremacy is not lightly to be presumed,” ’ New York Dept. of Social Services v. Dublino, 413 U.S. 405, 413, 93 S.Ct. 2507, 2513, 37 L.Ed.2d 688 (1973), quoting Schwartz v. Texas, 344 U.S. 199, 203, 73 S.Ct. 232, 235, 97 L.Ed. 231 (1952). As we recently reiterated ‘[p]re-emption of state law by federal statute or regulation is not favored “in the absence of persuasive reasons — either that the nature of the regulated subject matter permits no other conclusion, or that the Congress has unmistakably so ordained.” ’ Chicago & North Western Transp. Co. v. Kalo Brick & Tile Co., 450 U.S. 311, 317, 101 S.Ct. 1124, 1130, 67 L.Ed.2d 258 (1981), quoting Florida Lime & Avocado Growers v. Paul, 373 *1085 U.S. 132, 142, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963).”
Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 522, 101 S.Ct. 1895, 1905-06, 68 L.Ed.2d 402 (1981).
The stated purpose of the Congress in adopting ERISA was to provide “minimum standards” for the operation of “employee benefit plans,” thus “assuring the equitable character of such plans and their financial soundness.” 29 U.S.C. § 1001(a) (1988). ERISA defines an “employee benefit plan” as “an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan.” Id. § 1002(3).
ERISA encompasses “any plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, ... for the purpose of providing ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment.” Id. § 1002(1). Thus, both plans administered by Lahood appear to be subject to ERISA.
In addition to this comprehensive coverage, Congress included in ERISA a section providing for broad preemptive authority. More specifically, ERISA “supersedefs] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." Id. § 1144(a) (emphasis added).
Given ERISA’s expansive coverage and its sweeping preemptive scope, ERISA would have superseded all state workers’ compensation acts. To avoid this result, Congress expressly created an exemption for state regulation of plans “maintained solely for the purpose of complying with applicable workmen’s compensation laws.” Id. § 1003(b)(3).
Regarding state workers’ compensation plans, “ERISA is inapplicable by its own terms,” Olivarez v. Utica Mut. Ins. Co., 710 F.Supp. 642, 643 (N.D.Tex.1989), because workers’ compensation plans fall within the ambit of the “State’s police power.” Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 524, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981). Indeed, it was “clearly the Congressional intent to leave the administration of ordinary worker’s compensation programs that do no more than the law sets out to the states.” Foust v. City Ins. Co., 704 F.Supp. 752, 754 (W.D.Tex.1989).
Lahood concedes that § 25-5-86(b) constitutes an indirect restraint on any subro-gation rights that it might have in Mr. Richardson’s award under the Liberty Mutual workers’ compensation plan. However, it argues that that restraint is impermissible under ERISA, and it cites three United States Supreme Court cases in support of its argument.
In Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), an employee brought an action alleging breach of contract, breach of fiduciary duty, and fraud in the processing of his claim for disability benefits under his employer’s ERISA-regulated plan. The United States Supreme Court concluded that the employee’s suit “related to” an ERISA plan, within the meaning of the Act, and was thus preempted. Id. at 56-57, 107 S.Ct. at 1557-1558. However, that case involved no issue regarding worker’s compensation and is, therefore, clearly in-apposite to the case before us.
Likewise, in Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), no workers’ compensation plan was implicated. That case merely involved two New York statutes regulating employment discrimination and benefits for nonoccupational illness or injuries. Shaw thus has no. application to this case.
More on point is Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). That case involved an amendment to the New Jersey Workers’ Compensation Act that provided that workers’ compensation benefits could not be “set off against employees’ retirement pension benefits or payments" under an ERISA-regulated plan. N.J.Stat.Ann. § 34:15-29 (West 1988). The Supreme *1086 Court determined that Congress intended to permit “integration,” i.e., the reduction of ERISA plan benefits by an amount payable under Social Security and other “income maintenance programs.” Alessi, 451 U.S. at 514, 101 S.Ct. at 1901. It then held that the amendment was preempted to the extent that it sought to prohibit the reduction of ERISA plan benefits through integration with workers’ compensation plans. Id. at 524, 101 S.Ct. at 1906.
Lahood cites Alessi for the proposition that “ERISA may intrude on statutes involving workman’s compensation.” However, upon closer examination, we see that Alessi affords Lahood less support than appears at first blush. In fact, the issue presented in Alessi is the reverse of that presented in the instant case. There, the New Jersey workers’ compensation statute prohibited reduction of ERISA plan benefits by the amount of the workers’ compensation award. Here, § 25-5-86(b) prohibits reduction of workers’ compensation plan benefits by the amount of ERISA plan payments received. Thus, the New Jersey law purported to regulate ERISA plans and payments while the Alabama statute speaks only to workers’ compensation benefits.
In short, Lahood has cited no authority for the injunction against disbursement of Mr. Richardson’s workers’ compensation award, nor has our independent research revealed any. We hold that § 25-5-86(b) is not preempted by ERISA as applied to the facts of this case. Consequently, the order enjoining disbursement of Mr. Richardson’s workers’ compensation award is due to be reversed, and the preliminary injunction is dissolved.
REVERSED; PRELIMINARY INJUNCTION DISSOLVED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.