**Raymond CROSS**

v.

**BANKERS MULTIPLE LINE INSURANCE COMPANY and Mark C. Bakic.**

No. 4:92–CV–598–Y.

United States District Court, N.D. Texas, Fort Worth Division.

Dec. 31, 1992.

---

John Kevin Clark, Camp, Clark & Warren, Mark S. Stewart and Allan T. Curry, Mark S. Stewart & Associates, Fort Worth, TX, for plaintiff.

Andrew George Jubinsky, Figari & Davenport, Alison H. Moore, Thompson, Coe, Cousins & Irons, Dallas, TX, for defendant.

## ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS

MEANS, District Judge.

Pending before the Court is a motion to dismiss filed by defendant BANKERS MULTIPLE LINE INSURANCE on August 12, 1992 and a motion to remand filed by plaintiff RAYMOND CROSS on September 9, 1992. After carefully considering said motions, responses, and replies, this Court is of the opinion that the motion to dismiss is not meritorious and should be DENIED and the motion to remand is meritorious and should be GRANTED.

This is a civil suit on a group health insurance policy in which the plaintiff Raymond Cross seeks damages from the defendant insurance company and its agent for its alleged wrongful termination of his medical insurance policy. The action was removed from state court pursuant to 28 U.S.C. § 1441 on the basis that the policy in question is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101–1461 ("ERISA").

### I.

Effective January 1, 1988, Bankers Multiple Line Insurance Company ("Bankers") issued a group insurance policy ("the Policy") to the International Association of Businesses ("IAB"), a Washington, D.C. non-profit corporation. IAB members who elect to purchase the Policy receive group hospital and surgical benefits. Plaintiff Raymond Cross is a self-employed licensed electrician. He operates his business under the name of Ray's Electric Company as a sole proprietorship and files his income tax returns as a self-employed person operating a sole-proprietorship. Ray's Electric Company is a member of IAB. Cross has no employer and no employees that were covered under the health insurance that he purchased from Bankers.

In February 1990, defendant Mark Bakic contacted Cross and offered to sell health insurance to Cross and his wife, Jeannette. Cross paid the initial premium for health insurance covering he and his wife, and defendant Bankers issued a certificate under the IAB group health insurance with an effective date of March 7, 1990. A year later, Cross suffered a massive heart attack and underwent heart bypass surgery the next day. He submitted claims under the health policy for medical benefits. Bankers denied those claims.

Cross then filed the above-styled and numbered cause against Bankers and its agent Mark C. Bakic for breach of contract, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act, negligence, and gross negligence. Bankers subsequently filed a counterclaim to rescind coverage for

Cross under the policy because he allegedly misrepresented his health on the application. Bankers then removed this action to federal court on the grounds that the insurance coverage at issue is governed by ERISA. Plaintiff Cross moved to remand, asserting that IAB's group health insurance policy is not an employee benefit plan within the meaning of ERISA.

## II.

Federal district courts must strictly construe the removal statute. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Because jurisdiction is so fundamental, any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court. *See Ashley v. Southwestern Bell Tel. Co.*, 410 F.Supp. 1389 (W.D.Tex.1976).

Federal district courts have original jurisdiction over cases raising questions on federal law. 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires courts to determine whether a civil action involves a federal question based on "what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 725, 58 L.Ed. 1218 (1914). Thus, the federal court must determine whether removal was proper according to the plaintiff's pleadings at the time of the petition for removal.

Bankers argues that the health insurance plan available exclusively to members of the IAB is an employee benefit plan within the meaning of 29 U.S.C. § 1002(1) and, therefore, that any dispute as to coverage under the plan is governed by the provisions of ERISA. Bankers thus asserts that Plaintiff's state law claims are preempted.

This Court must apply well-settled principles of statutory construction to determine whether Congress intended that ERISA should govern the relationship between a self-employed electrician who purchases health insurance coverage through a plan administered by a non-profit professional association. "[T]he cardinal rule [of statutory construction is] that a statute is to be read as a whole, ... since the meaning of statutory language, plain or not, depends on context. *King v. St. Vincent's Hospital*, — U.S. —, —, 112 S.Ct. 570, 574, 116 L.Ed.2d 578 (1991) (citations omitted). Absent some clear indication of legislative intent to the contrary, the language of the statute controls its construction. *See Ford Motor Credit Co. v. Cenance*, 452 U.S. 155, 158 n. 3, 101 S.Ct. 2239, 2241 n. 3, 68 L.Ed.2d 744 (1981).

The dispute between the plaintiff and Bankers requires this Court to interpret the meaning of the phrase "employee benefit plan" as it is used in ERISA. Congress enacted the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461, in order to protect the rights of employees and their dependents to receive pensions and benefits from private employee welfare and pension plans. *See generally* 29 U.S.C. § 1001. Under 29 U.S.C. § 1002, an employee welfare benefit plan or welfare plan is described as:

> ... any plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (a) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment ...

29 U.S.C. § 1002(1).

The statute defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 1002(6) (Supp.1992). To further clarify the definition of "employee" under ERISA, the Secretary of Labor prescribes the following regulation:

> (c) Employees
>
> (1) an individual and his or her spouse shall not be deemed to be employees with respect to a trade or business,

whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse ...

29 C.F.R. § 2510.3–3.

Construing the terms in the statute in the sense that best harmonizes with the stated policy objectives of the legislature, this Court finds that Congress intended ERISA to regulate health insurance plans providing coverage to employees. The statute regulates only those plans established by employers to employee organizations. *See* 29 U.S.C. § 1002(1). An "employer" is:

> any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

29 U.S.C. § 1002(5). An "employee organization" is defined as any labor union or any organization of any kind or any agency or employee representation committee, association, group, or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning an employee benefit plan, or other matters incidental to employment relationships; or an employees' beneficiary association organized for the purpose in whole or in part, of establishing such a plan. 29 U.S.C. § 1002(4). The term "employee organization" includes any association dealing with employers concerning employee benefit plans. *See* 29 U.S.C. § 1002(5). A "participant" includes members of employee organizations. *See* 29 U.S.C. § 1002(7). Thus, ERISA applies only to employee benefit plans, and has no application where one is not an employee. *See* 29 U.S.C. § 1003(a); *Penn v. Howe–Baker Engineers Inc.,* 898 F.2d 1096 (5th Cir.1990).

Defendant contends that the plan established by the IAB constitutes an "employee welfare benefit plan" under ERISA, as it is a plan or program established and maintained for the purpose of providing its members, though the purchase of insurance, medical benefits or benefits in the event of sickness. This Court disagrees.

In *Donovan v. Dillingham,* 688 F.2d 1367 (11th Cir.1982), the Eleventh Circuit held that a plan, fund, or program falls within the ambit of ERISA only if it covers ERISA participants because of their employee status in an employee relationship. Moreover, the plan, fund, or program must be established or maintained by the employer or employee organization. "Thus, plans, funds, or programs under which no union members, employees, or former employees participate are not employee welfare benefit plans under Title I of ERISA." *Id.* at 1371. Similarly, the Fifth Circuit has held that ERISA applies to any "employee benefit plan" if it is established or maintained by an employer engaged in commerce. *Gahn v. Allstate Life Ins. Co.,* 926 F.2d 1449, 1451 (5th Cir.1991).

■ The plaintiff, a self-employed electrician, is not a employee of IAB. IAB clearly is not Cross's employer, nor is it an employee organization established for the benefit of its employee members within the meaning of ERISA. On the contrary, IAB is a professional non-profit business association which was established by and for the benefit of its member business owners. The plain and unambiguous language of the statute makes clear that ERISA regulates only those health insurance plans created and maintained by employers or employee organizations for the benefit of employees and their dependents. This Court, therefore, concludes that plaintiff Cross is not an employee within the meaning of ERISA because ERISA is not applicable to insureds such as the plaintiff who are self-employed members of a professional association that offers group health coverage as a membership benefit. *See Robertson v. Alexander Grant & Co.,* 798 F.2d 868 (5th Cir.1986) (plan which covered only partners in a partnership was not an ERISA plan); *Baucom v. Pilot Life Ins. Co.,* 674 F.Supp. 1175 (M.D.N.C.1987) (Carolinas Section Professional Golf Association is not an employee plan within meaning of ERISA).

### III.

Plaintiff's health insurance plan is not an employee benefit plan within the meaning of ERISA. Moreover, defendant Bankers has failed to carry its burden of establishing a proper basis for removal jurisdiction. Because this court lacks subject-matter jurisdiction, it is, therefore, ORDERED that the above-styled and numbered cause shall be REMANDED to the 236th Judicial District Court of Tarrant County, Texas.

SO ORDERED.