**COMPLETE AUTO SALES, INC., Plaintiff,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

**Civil Action No. 3:98–CV–2766–G.**

United States District Court, N.D. Texas, Dallas Division.

Sept. 7, 1999.

---

Mark Eric Wewers, Pulley Roberts Cunningham & Stripling, Dallas, TX, for plaintiff.

James L. Johnson, Johnson Law Office, Dallas, TX, for defendants.

### MEMORANDUM ORDER

FISH, District Judge.

Before the court is the motion of plaintiff Complete Auto Sales, Inc. ("Complete") to remand this case to the state district court from which it was previously removed. For the reasons discussed below, the motion to remand is granted.

### I. BACKGROUND

In October 1998, plaintiff Complete filed a third-party petition against defendant Life Insurance Company of North America ("LINA") in the 162nd Judicial District Court of Dallas County, Texas. *See* Defendant's Third Party Petition, attached to LINA's Notice of Removal of Separate and Independent Claims, and Request for Remand of Remaining Claims ("Notice of Removal") as Exhibit 13. Complete sought contribution and/or indemnity from LINA, as its insurer, for claims made against Complete by William C. Coursey ("Coursey"), who allegedly was injured in September 1996 while performing his job duties as an employee of Complete. *See* Notice of Removal at 1–2. LINA provided a group accident insurance policy to Complete to insure its employees against accidents occurring on the job. *See generally* Blanket Accident Policy, attached to Response to Plaintiff's Motion to Remand ("Response") as Exhibit 1.

In November 1998, LINA removed the case to this court, arguing that Complete's

state law claims against it were barred and preempted by the exclusive remedies of ERISA, and that Complete's claims were therefore necessarily federal in character. *See* Notice of Removal at 4. This court remanded the claims of Coursey against Complete to the 162nd District Court of Dallas County, Texas, but retained jurisdiction of the claims Complete had asserted against LINA. *See* Order Granting Partial Remand dated November 30, 1998.

In December 1998, Complete filed this motion requesting that the remainder of this case be remanded to state court. *See generally* Plaintiff's Motion to Remand and Request for Attorney's Fees ("Motion to Remand"). Complete argues that this court has already ruled in another case involving LINA and "an almost identical insurance policy to Complete's policy at issue herein" that the type of insurance policy sued under in this case is exempt from the jurisdiction of ERISA. *See* Motion to Remand at 4.

## II. ANALYSIS

### A. Removal Jurisdiction

Title 28 U.S.C. § 1441(b) permits removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States." Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir.1997); see also *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F.Supp. 748, 750 (N.D.Tex.1992). The burden of establishing federal jurisdiction is on the party seeking removal.

*Frank*, 128 F.3d at 921–22; *Willy*, 855 F.2d at 1164.

LINA invokes this court's federal question jurisdiction by arguing that ERISA's preemption of Complete's claims is so complete that Complete's claims are necessarily federal in character, thus raising a federal question for the purposes of subject matter jurisdiction in federal court. *See* Notice of Removal at 4. Yet, as Complete urges, this court earlier found a similar LINA policy to be "so related to worker's compensation claims as to be exempt even from the broad reach of ERISA." *See* Memorandum Order in Civil Action No. 3:95–CV–0907–G, *Inland Sales Company v. Lumbermens Mutual Casualty Company, et al.*, 1997 WL 733862 (N.D.Tex. Nov. 17, 1997) ("*Inland*"), attached to Motion to Remand as Exhibit B, at 5; see also *Olivarez v. Utica Mutual Insurance Company*, 710 F.Supp. 642, 643 (N.D.Tex.1989) (Fish, J.) (adopting *Foust v. City Insurance Company*, 704 F.Supp. 752, 753–54 (W.D.Tex.1989)).

In *Inland*, as in this case, LINA agreed to insure Inland's employees against death and dismemberment, total disability, and medical expenses resulting from work-related accidents. See *Inland* at 4; Blanket Accident Policy, attached to Response as Exhibit 1, at 3. In *Inland*, this court also found it significant that the policy at issue was expressly intended by the parties to be governed not by ERISA but "by the laws of the state in which it is delivered." [1] See *Inland* at 5 n. 2. The LINA policy under which Complete sues in this case also expressly states that "[t]his policy shall be governed by the laws of the state in which it is delivered." See Blanket Accident Policy ABL–665403, attached to Motion to Remand as Exhibit A, at 1. The policy at issue here is similar enough to the *Inland* policy that this court finds that

---

1. The choice of law provision in the policy is significant because "Congress intended [ERISA] pre-emption to afford employers the advantages of a uniform set of administrative procedures governed by a single set of regulations." *Fort Halifax Packing Company, Inc. v.*

*Coyne*, 482 U.S. 1, 11, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). Here, LINA, which drafted the policy at issue and chose its terms, has expressly opted for the diversity provided by state law.

Complete's claims under the policy are not preempted by ERISA.

Because there is no pleading or proof of diversity of citizenship between the parties, and because Complete's action does not arise under the Constitution, laws, or treaties of the United States, this court is without subject matter jurisdiction. See 28 U.S.C. §§ 1331, 1332. Due to the lack of subject matter jurisdiction in this court, this action must be remanded to the state court from which it was earlier removed. 28 U.S.C. § 1447(c).

### III. *CONCLUSION*

■ For the reasons stated above, the plaintiff's motion to remand is **GRANTED.**[2]

This case is **REMANDED** to the **162nd Judicial District Court of Dallas County, Texas.** The clerk shall mail a certified copy of this memorandum order to the county clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED.**

---

**2.** Because LINA made a colorable argument for removal, Complete's request, pursuant to 28 U.S.C. § 1447(c), for expenses and attorney's fees caused by the removal is DENIED. See *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir. 1993) (by amending § 1447(c), Congress did not intend the "routine imposition of attorney's fees against the removing party when the party properly removed."). "Colorable," however, is the most that can be said of LINA's argument for removal, since Complete, as an employer, has not been shown to be either a "participant" or a "beneficiary" of an "employee welfare benefit plan," as those terms are defined by ERISA, 29 U.S.C. § 1002(1), (7), and (9). "[C]laims by a nonparticipant and nonbeneficiary to a plan do not affect the relationship between the traditional ERISA entities. Therefore, such claims are not preempted." *Weaver v. Employers Underwriters, Inc.,* 13 F.3d 172, 177 (5th Cir.), 511 U.S. 1129, 114 S.Ct. 2137, 128 L.Ed.2d 866 (1994). *Accord Vega v. National Life Insurance Services, Inc.,* 188 F.3d 287, 291 (5th

Cir.1999) (en banc) ("to have standing to bring suit under ERISA, a person must be either a 'participant' or a 'beneficiary' of an ERISA plan"). More importantly, even if this hurdle could be cleared successfully, LINA has not demonstrated that Complete's claims are subject to complete ERISA preemption, which would authorize subject matter jurisdiction over this case, as opposed to "ordinary" or "conflict" ERISA preemption, which would not. *Copling v. Container Store, Inc.,* 174 F.3d 590, 594–95 (5th Cir.1999); *McClelland v. Gronwaldt,* 155 F.3d 507, 517–19 (5th Cir.1998). Given these deficiencies in the discharge of LINA's burden of showing federal jurisdiction, and in light of this court's prior ruling in *Inland,* any future efforts at removal by LINA on similar facts may result not only in a different ruling on the imposition of costs and attorney's fees under 28 U.S.C. § 1447(c) but also in a substantial question on whether sanctions under F.R.Civ.P. 11 should be imposed.