**Gerald P. RAFFERTY, Plaintiff,**

**v.**

**NEW YORK MERCANTILE EXCHANGE LONG TERM DISABILITY PLAN and INA Life Insurance Company of New York, Defendants.**

**No. 98 CV 4474.**

United States District Court, E.D. New York.

Dec. 12, 2000.

Binder & Binder, LLP, Hauppauge, NY, for Plaintiff.

Pollack & Kaminsky, New York City, for Defendants.

*Memorandum of Decision and Order*

MISHLER, District Judge.

Plaintiff Gerald P. Rafferty ("Rafferty") brought this action against New York Mercantile Exchange Long–Term Disability Income Plan ("Plan") and INA Life Insurance Company of New York ("INA") under the Employee Retirement Income Security Act (ERISA) for failure to pay disability benefits. Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that the Court lacks subject matter jurisdiction.

## BACKGROUND

Plaintiff was a Commodities Floor Broker at the New York Mercantile Exchange (N.Y.MEX). As a member of the NY-MEX, Plaintiff received a Long–Term Disability Plan sponsored by NYMEX and issued by INA Life Insurance Company ("INA"). The plan became effective March 31, 1992. As a result of a severe lumbar spine condition, Plaintiff alleges that he became unable to perform the material duties of his job. Plaintiff applied for and was denied benefits by the LTD plan. He then brought this action under ERISA seeking a declaration that he is entitled to disability income benefits under the plan.

The Plan and INA move for summary judgment, arguing that ERISA does not govern this action because the disability plan is not an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(1).

## DISCUSSION

The court may grant summary judgment if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.

R.Civ.P. 56(c); *Wilkinson v. Russell*, 182 F.3d 89, 96–7 (2d Cir.1999), *cert. denied*, 528 U.S. 1155, 120 S.Ct. 1160, 145 L.Ed.2d 1072 (2000). The role of the court on a motion for summary judgment is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986).

The movant bears the initial burden of informing the court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 allows the moving party to meet its burden in one of two ways:

> First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second the moving party may demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

*Celotex*, 477 U.S. at 331, 106 S.Ct. at 2557 (citations omitted); *Bay v. Times Mirror Magazines, Inc.*, 936 F.2d 112, 116 (2d Cir.1991) (Rule 56 "permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim").

To establish the existence of a genuine issue of material fact, the non-moving party may not simply rely on its pleadings, on conclusory factual allegations, or on conjecture as to the facts that discovery might disclose. *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir.), *cert. denied*, 502 U.S. 856, 112 S.Ct. 170, 116 L.Ed.2d 133 (1991). Rather, it must set forth specific facts in support of its contention that there is a genuine dispute as to the facts that are material and that there is enough evidence to justify a verdict in its favor. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202. 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court, of course, must examine the facts in the light most favorable to the party opposing summary judgment, according the non-movant every inference that may be drawn from the facts presented. *Brown v. C. Volante Corp.*, 194 F.3d 351, 354 (2nd Cir.1999), *cert. denied*, 529 U.S. 1004, 120 S.Ct. 1268, 146 L.Ed.2d 218 (2000). However, the party opposing summary judgment may not create an issue of fact by submitting an affidavit opposing a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony. *Hayes v. New York City, Department of Corrections*, 84 F.3d 614 (2d Cir.1996).

■ Defendants contend that this Court lacks subject matter jurisdiction. They claim that ERISA, the sole basis upon which the jurisdiction of this Court is invoked, does not apply because Plaintiff was not an employee of NYMEX and because the Plan did not cover any employees.

Section 502(a) of ERISA sets forth the persons empowered to bring a civil action for enforcement of ERISA. Under that subsection, a plaintiff must be either a "participant" or a "beneficiary" to bring a civil action to recover benefits due under the terms of a plan. "Participants" and "beneficiaries" are defined by Section 1002 of the Act:

> (7) The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

> (8) The term "beneficiary" means a person designated by a participant, or by

the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. § 1002. In accordance with this section, Rafferty must be an employee or former employee of NYMEX to be termed a "participant."[1]

■ The term "employee" is defined in ERISA as "any individual employed by an employer." *Id.* at § 1002(6). "Employer" is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." *Id.* at § 1002(5). Although the definition of employee in ERISA is "circular and explains nothing," *Nationwide Mutual Ins. Co. v. Darden,* 503 U.S. 318, 323, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992), the Supreme Court has determined that courts should apply the general common-law of agency for determining who qualifies as an "employee" under ERISA. *Id.* Under the common law of agency, the courts consider numerous criteria for determining whether an individual qualifies as a common-law employee. These factors include

> the hiring party's right to control the manner and means by which the product is accomplished, the skill required, the source of the instrumentalities and tools, the location of the work, the duration of the relationship between the parties, whether the hiring party has the right to assign additional projects to the hired party, the extent of the hired party's discretion over when and how long to work, the method of payment, the hired party's role in hiring and paying assistants, whether the work is part of the regular business of the hiring party, whether the hiring party is in business, the provision of employee benefits, and the tax treatment of the hired party.

*Id.* (quoting *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 740, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989)).

■ After weighing these factors, the Court finds that the Plaintiff has failed to articulate sufficient admissible evidence that, if believed, would establish his status as an employee. He has offered no affidavits or exhibits that suggest that NYMEX in any way controlled the manner of his work, or that he was regularly compensated by NYMEX. In fact, Rafferty does not argue that he is an employee of NYMEX under the common law. To the contrary, in his deposition Plaintiff admitted that he was never an employee of NYMEX. The only evidence Plaintiff supplies to allege that he was an employee is that the premiums for coverage under the LTD plan were paid by a "payroll deduction" and that he performed work for NYMEX in the 1980's and was compensated for this work by 1990's. These two facts, however, are insufficient to create an employee-employer relationship. First, although Rafferty characterizes the payment of his premiums as being by "payroll deduction," he states in his deposition that he paid for his premiums. Since Raffery does not allege that he was on NYMEX's payroll, it is unclear from whose payroll the premium was being deducted. Second, although he performed work for NYMEX during the 1980's, he does not allege that he performed any work for NYMEX during the 1990's when the policy was issued. Performing occasional work for an entity is insufficient to establish an employer-employee relationship. *Waxman v. Luna,* 881 F.2d 237 (6th Cir.1989). Finally, Rafferty's membership in the NYMEX is insufficient to create an employee-employer relationship for purposes of ERISA. *See, e.g. Cross v. Bankers Multiple Line Ins. Co.,* 810 F.Supp. 748, 751 (N.D.Tex.1992)

1. Similarly, the Regulations issued by the Secretary of Labor authorized by ERISA state that plans without employees are not covered by ERISA. 29 CFR § 2510.3–3(b) (2000). It is undisputed that the New York Mercantile Exchange Long–Term Disability Income Plan only covered members of NYMEX and that Rafferty was eligible for the policy due to his membership in the NYMEX.

(ERISA does not apply to insureds who are self-employed members of professional associations that offers group health coverage as membership benefit).

■ Rather than attempting to meet the stringent common-law test for employee, Rafferty instead argues that because the policy itself defines him as an employee and NYMEX as the employer, he is an employee for purposes of ERISA. However, the employment status of an individual for the purposes of ERISA is not determined solely by the label used in the contract between the parties. *Sharkey v. Ultramar Energy Ltd.*, 70 F.3d 226, 232 (2nd Cir.1995); *See also, In re Shulman Transp. Enterprises, Inc.*, 744 F.2d 293, 295 (2d Cir.1984) (under agency principles, "employee does not become an independent contractor simply because a contract describes him as such"). Rather, an individual's employment status is determined by analyzing the factors enumerated above.

This Court finds that Rafferty was not an employee of NYMEX. Furthermore, this Court finds that the LTD policy is not governed by ERISA. Therefore, this Court lacks subject matter jurisdiction over this action.

Finally, Plaintiff asks that should this Court find that it lacks subject matter jurisdiction, that the Court remand the case to the Supreme Court of the State of New York, New York County pursuant to 28 U.S.C. § 1447(c). However, this statute applies only to cases removed from a State Court. This case was not removed from State Court, it was originally filed in this Court. Therefore, this Court cannot remand this action.

## CONCLUSION

For the foregoing reasons, defendants' summary judgment motions are GRANTED. The Clerk is directed to enter judgment for Defendants, dismissing the complaint.

SO ORDERED.